DECISION AND JUDGMENT
{¶ 1} This matter is before the court on the judgment of the Lucas County Court of Common Pleas wherein, on September 27, 2007, appellant, Mark Julian, was found guilty following a plea of no contest to Count 1, operating a vehicle while under the influence of alcohol, a drug of abuse, or a combination of them, in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(d), a felony of the fourth degree, and to Count 2, receiving *Page 2 
stolen property, to wit, a motor vehicle identification license plate, in violation of R.C. 2913.51 and 3913.71(C), a felony of the fifth degree. Appellant was sentenced, on October 23, 2007, to 12 months in prison as to Count 1, and 10 months in prison as to Count 2, to be served concurrently with each other. Appellant filed a timely notice of appeal.
 {¶ 2} On May 2, 2008, appellant's counsel filed a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. Anders andState v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id. *Page 3 
 {¶ 3} In this case, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. Although notified, appellant never raised any matters for our consideration. In support of her request, counsel for appellant states that, after reviewing plea and sentencing transcripts and the record of proceedings in the trial court, and after researching the applicable law, she was unable to find any meritorious issues to present on appellant's behalf on appeal. Counsel for appellant set forth the following potential assignments of error:
 {¶ 4} "The trial court erred by imposing more-than-the-minimum sentence as it violated the due process and ex post facto clauses of the Ohio and United States Constitution."
 {¶ 5} With respect to appellant's counsel's potential issue, we find that we have repeatedly found this argument not well-taken. State v.Gaston, 6th Dist. No. L-06-1183, 2008-Ohio-1856, ¶ 24. Accordingly, we find that counsel for appellant correctly determined that there was no meritorious appealable issue regarding sentencing present in this case.
 {¶ 6} Additionally, upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is, therefore, found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. *Page 4 
Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., CONCUR. *Page 1